IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD GIBSON, | : | |
|     Petitioner, | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 11-4550 |
| JOHN E. WETZEL, et al., | : | |
|     Respondents. | : | |

**Jones, II     J.**                                                                **March 31, 2016**

### Memorandum

Pending before the Court today are Petitioner's Motion for Discovery, (Dkt No. 12), Respondents' Objections, (Dkt No. 17), Petitioner's Reply, (Dkt No. 19), the Court's Order dated December 11, 2014, (Dkt No. 28), Respondents' Motion for Reconsideration of Discovery Order, (Dkt No. 31 [hereinafter MFR]), Petitioner's Response, (Dkt No. 33), and oral argument held before this Court on April 7, 2015.

Further, pending before the Court today are Petitioner's Additional Motion for Discovery, (Dkt No. 39), Respondents' Response, (Dkt No. 42), Petitioner's Reply, (Dkt No. 45), and the oral argument heard on April 7, 2015.

### I.     Background

This is a capital habeas corpus proceeding. In 1991, Petitioner was convicted of murder in the first degree and sentenced to death in the Philadelphia Court of Common Pleas. According to Respondents, Petitioner received discovery from the Commonwealth prior to his criminal trial and during his state post-conviction proceedings. (MFR at 1.)

### II.     Standard of Review

#### a.  Standard for Reconsideration

"[A] party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [prior motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon*

1

*Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation and citation omitted). Respondents have moved under the third prong: "the need to correct a clear error of law…to prevent manifest injustice." (MFR at 2.)

      **b.  Standard for Discovery in Habeas**

Petitioner's Motion was made under Rule 6(a) of the Rules Governing Section 2254 Cases, which provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." "[T]he rule's history makes clear that its purpose is to ensure that the facts underlying a habeas corpus claim are adequately developed, and that it is a court's obligation to allow discovery in cases in which a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." *Johnston v. Love*, 165 F.R.D. 444, 445 (E.D. Pa. 1996). A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing § 2254 Cases; *see also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) ("A district court sitting in a habeas case retains the discretion to permit additional discovery if the petitioner presents 'good case' to do so."). "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *Han Tak Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012) (quoting *Williams v. Beard,* 637 F.3d 195, 209 (3d Cir. 2011) (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (internal citations omitted)). The allegation must be specific; a "[b]road-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." *Harris*, 394 U.S. at 296 (pre-dating Rule 6, but the foundation upon which Rule 6 is based according to *Bracy*, 520 U.S. at 909). Simply put, petitioner may not embark on a fishing expedition. *Williams*, 637 F.3d at 210-11 ("[Petitioner's] request amounts to an entreaty to engage in a fishing expedition . . . [and] should be rejected.").

III.   Discussion

   a. Petitioner's Requested Discovery

Before addressing the scope of discovery entitled to Petitioner, the Court first must identify the essential elements of the claim upon which the petition is based. *See Bracy*, 530 U.S. at 904. Petitioner's claims must be "specific and accompanied by an indicia of viability." *Romero v. Beard*, 2011 WL 3862317, at *4 (E.D. Pa. 2011) (citing *Phillips v. Stickman,* 298 Fed. App'x 135 (3d Cir. 2008)). In Petitioner's Motion for Discovery, Petitioner requests that the Court direct Respondents to produce from the files of the Philadelphia District Attorney's Office, the trial prosecutor, and the Philadelphia Police and Homicide various documents related primarily to Petitioner's claims that (Claim VII) Petitioner's trial counsel was ineffective when he failed to investigate, develop, and present exculpatory evidence about his role in the offense and (Claim XI) Petitioner's due process rights were violated when the Commonwealth failed to test the murder weapon for fingerprints or preserve it for testing. The discovery sought is specific to potential exculpatory evidence, particularly in regard to Petitioner's former co-defendant Gregory Tancemore, and evidence as to whether or not the Commonwealth tested the murder weapon. Both of these claims were adjudicated on the merits in state court.

In Petitioner's Motion for Additional Discovery, Petitioner requests the prosecutor's voir dire notes. The record reflects that the available notes of testimony indicate that Petitioner's prior attorney, John Cotter, requested that Judge Ricardo C. Jackson of the Philadelphia Court of Common Pleas conduct an *in camera* inspection of hand-written jury selection notes in the Commonwealth's file. *Commonwealth v. Ronald Gibson*, CP 9101-2809, NT 12/28/98 at 11-16. Judge Jackson stated on the record that the Commonwealth should "bring the file and your handwritten notes" on the "next date." *Id.* at 15. On March 5, 1999, Mr. Cotter again requested on the record that the Court review the voir dire notes *in camera*. *Commonwealth v. Ronald Gibson*, CP 9101-2809, NT 3/5/99 at 6. On March 12, 1999, Mr. Cotter wrote Judge Jackson a note requesting that the Court review the notes. On March 12, 2000, Mr. Cotter wrote Judge Jackson again about this issue. While appearing before Judge Gary S. Glazer, Mr. Cotter noted his exception to Judge Glazer's rulings about review of the voir dire notes. *Commonwealth v. Ronald Gibson*, CP 9101-2809, NT 11/29/00 at 21. Petitioner's *Batson* claim was adjudicated on the merits in state court.

### b. The Court finds that *Pinhoslter* does not bar Petitioner from recovering discovery in this case.

Respondents argue that because the relevant claims were rejected on the merits by the Pennsylvania Supreme Court, review of the claims is limited to the record before the Pennsylvania Supreme Court under 28 U.S.C. § 2254(d). Thus, argue Respondents, Petitioner is not entitled to discovery unless and until Petitioner "is able to overcome the limitations of 2254(d) based solely on the state court record." (MFR at 4.)

In accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA"), under Section 2254(d), when a claim has been adjudicated on the merits in state court, federal habeas review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011). In *Pinholster*, the Court held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id.* at 1400. AEDPA places substantial limitations on a federal court's power to grant habeas relief to persons in state custody. Because of *Pinholster*, "district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d)." *Brown v. Wenerowicz,* 663 F.3d 619, 629 (3d Cir. 2011) (finding *Pinholster* controlling and holding that the district court erred in conducting an evidentiary hearing).

However, Third Circuit case law on Section 2254(d) predating the *Pinholster* decision explicitly found that Section 2254(d) "applies only to a substantive request for habeas relief and not [to] a discovery request." *Williams*, 637 F.3d at 221 n. 14 (citing *Fahy v. Horn,* 516 F.3d 169, 180 (3d Cir. 2008)). "Application of § 2254(d) to a habeas discovery request surely imposes an overly stringent burden, one that a petitioner is unlikely to meet." *Williams*, 637 F.3d at 211. Thus, in the Third Circuit, at least prior to *Pinholster*, the restrictions of Section 2254(d) were not imposed onto the "good cause" requirements of Rule 6(a) of Section 2254. "If the court were to adopt respondent's reading of *Pinholster*, it would render completely meaningless Rule 6." *Quezada v. Brown*, 2011 WL 4975343, at *2 (E.D.N.Y. 2011).

The Third Circuit chose not to address this question when it arose as a mooted issue. *See, e.g.*, *Grant v. Lockett*, 709 F.3d 224, 233 n. 4 (3d Cir. 2013) ("[I]t is not clear that we can now expand the state court record for the purpose of review under § 2254(d)...[W]e need not address whether the circumstances here warrant admission of new evidence..."); *see also Smith v. Wetzel*,

2015 WL 4886421, at *8 n. 3 (E.D. Pa. 2015) (same); *Rega v. Wetzel*, 2014 WL 4079949, at *9 n. 2 (W.D. Pa. 2014) (same). The Third Circuit has allowed discovery to proceed pursuant to Rule 6 in order to assist the District Court in determining whether or not an evidentiary hearing was appropriate under the new standards of *Pinholster*. *See Han Tak Lee v. Glunt*, 667 F.3d 397, 405-07 (2012) (remanding for discovery to help the District Court determine whether Petitioner presented a *prima facie* showing which, if proven, would enable the Petitioner to prevail on the merits of the asserted claim). However, a handful of courts in this Circuit have opined that *Pinholster* is a bar to discovery for adjudicated state court claims. *See Pratola v. S. State Corr. Facility*, 2014 WL 4104636, at *2 n. 5 (D.N.J. 2014); *Fears v. Wetzel*, 2015 WL 5286521, at *2 n. 1 (W.D. Pa. 2015) (noting, as dicta, that "the rule established in [*Pinholster*] may prohibit discovery" on claims heard on their merits in state court).

The Court acknowledges that other district courts and courts of appeals have decided that *Pinholster* applies to Rule 6 discovery. *See Wood v. Ryan*, 693 F.3d 1104, 1122 (9th Cir. 2012) ("[Plaintiff] is not entitled to an evidentiary hearing or additional discovery in federal court because this…claim is governed by 28 U.S.C. § 2254(d)(1)"); *see also Caudill v. Conover,* 871 F.Supp.2d 639, 646 (E.D. Ky. 2012) ("It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster* ], but allow her to introduce the same factual information via discovery and expansion of the record."); *Blevins v. Warden, Ross Corr. Inst.,* 2011 WL 6141062, at *4 (S.D. Ohio 2011) ("*Pinholster* is not irrelevant to discovery in federal habeas .... [t]here cannot be good cause to collect evidence which cannot be presented.").

While the Court appreciates that courts across the county are trending toward applying *Pinholster* to Rule 6 discovery, this Court humbly dissents. First, *Pinholster* "did not, strictly speaking, alter or even speak to the standards governing [Rule 6] discovery." *Conway v. Houlk*, 2011 WL 2119373, at *3 (S.D. Ohio 2011); *see also Rossum v. Patrick*, 659 F.3d 722, 737 (9th Cir. 2011) ("*Pinholster* does not mention Rule 6 of the Rules Governing Section 2254 Cases."). Courts have found that this alone is "reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase." *Conway*, 2011 WL 2119373, at *3; *see also Rivera v. Humphrey*, 2015 WL 3648054, at *6 n. 5 (S.D. Georgia 2015); *Pike v. Johnson*, 2013 WL 2457718, at *3 (E.D. Tenn. 2013).

Moreover, "[w]ere the Court to permit discovery only after it appears that *Pinholster* would not bar consideration of new evidence, the Court would be adding months of delay to the proceedings, a result that could be avoided by simply permitting discovery that otherwise appears to be warranted under Rule 6. The Court recognizes the downside of its position – namely the possibility that time and money will be expended in the discovery of evidence that this Court may never consider. That is a risk the Court is willing to take." *Conway* at *4.

This Court concurs. Petitioner is sentenced to death. The Court is aware of Petitioner's stated interest in the resolution of his case. (Dkt No. 50.) Reading into Rule 6 a threshold requirement of *Pinholster* "admissibility" is a heavy and premature burden. "Petitioner faces the ultimate punishment, and his discovery requests relate to potentially exculpatory evidence...*Pinholster* does not bar discovery in this instance." *Ervin v. Cullen*, 2011 WL 4005389, at *4 (N.D. Cal. 2011). Thus, "the Court will follow the plain language of *Pinholster* and limit its force to § 2254 habeas review." *Sample v. Colson*, 958 F.Supp.2d 865, 889 (W.D. Tenn. 2013).

Furthermore, the Court finds it particularly important to limit the application of *Pinholster* in the context of *Brady* challenges. *See, e.g.*, *Jones v. Bagley*, 696 F.3d 475, 486 n. 4 (6th Cir. 2012) (agreeing that if Petitioner "were able to show a *Brady* violation, introduction of new evidence not considered by the state court would not violate the rule announced by the Court in *Cullen v. Pinholster*"); *see also Runningeagle v. Ryan*, 686 F.3d 758, 788 (9th Cir. 2012) ("*Pinholster*, however, does not apply to Runningeagle's *Brady* claim because Runningeagle's *Brady* claim is subject to de novo review."); *Sample*, 958 F. Supp. 2d at 889 ("*Pinholster*'s restrictions should not be invoked at the discovery phase where the petitioner is seeking discovery related to potential *Brady* violations....[A]llowing a *Pinholster* bar on discovery would mean that the State could thwart any adjudication of facts underlying a federal claim simply by withholding the facts during the state-court proceedings.").

Until the Third Circuit rules otherwise, the Court cannot find that *Pinholster* strictly bars discovery where the relevant claims were tried before the state court. *Pinholster* has not changed the inapplicability of Section 2254(d) to discovery motions under Rule 6(a). Section 2254(d) should not be applied to Petitioner's discovery request.

### c. The Court finds good cause for the requested discovery.

Petitioner's Motion for Discovery concerns potentially exculpatory evidence related to Petitioner's Claims VII and XII. The Court previously found, and now so affirms, that Petitioner provided "specific allegations," which, if the facts are fully developed by the requested discovery, he may be "entitled to relief." *Bracy*, 520 U.S. at 908-09.

Petitioner's Motion for Additional Discovery requests discovery related to Claim II of his Petitioner, that the prosecutor exercised his peremptory strikes in a racially discriminatory manner. The prosecutor used 69% of his peremptory strikes against African-Americans. Discovery may show that there was a prima facie *Batson* violation. *See Batson v. Kentucky*, 476 U.S. 79, 97 (1986). Moreover, the record is clear here that Petitioner's former counsel diligently pursued this discovery, but was denied it by the state. "[T]o ignore the materials that did not emerge until the federal habeas proceedings would be to reward the prosecutor for withholding them." *Gonzalez v. Wong*, 667 F.3d 865, 972 (9th Cir. 2011). However, in deference to the potential work product doctrine issues at play, the Court will review the jury selection notes *in camera* prior to issuing a final holding. *See, e.g.*, *United States v. Barnette,* 644 F.3d 192, 214 (4th Cir. 2011) (endorsing the District Court's decision to review jury selection notes *in camera* for purposes of a *Batson* challenge in capital trial proceedings).

### IV. Conclusion

The Court finds that Respondents' argument concerning the applicability of *Pinholster* to the requested discovery is an appropriate issue for appeal. The Court grants Respondents the immediate right to appeal pursuant to 28 U.S.C. § 1292(b).

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.