IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD GIBSON,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | **NO. 11-4550 (MSG)** |
| v. | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| Respondents. | : | |

**RESPONSE TO SUMMARY JUDGMENT MOTION**

Movant Ronald Gibson, a Pennsylvania state prisoner, is currently serving a sentence of life without parole for first-degree murder. Presently before the Court is a motion for summary judgment regarding an allegedly defective jury instruction on accomplice liability. For the reasons that follow, Respondents oppose Gibson's summary judgment motion and request that it be denied.

I.  **ADDITIONAL PROCEDURAL HISTORY**

Respondents incorporate by reference the factual and procedural history contained in their response to Gibson's pending habeas petition. *See* ECF No. 138 at 2–22. After Respondents filed their response, Gibson filed a reply and a motion for summary judgment to which Respondents were ordered to respond. ECF Nos. 143–45.

Gibson moves for summary judgment on ground five of his habeas petition, *i.e.*, that the trial court's jury instruction on accomplice liability violated his federal due process rights and that his trial counsel was ineffective for failing to object to it. Respondents initially responded that these claims were inexcusably defaulted and could be dismissed on that basis. ECF No. 146. Gibson then filed a Reply and a Supplement thereto, and this Court held brief argument on the question. ECF Nos. 147–50. At that time, Respondents agreed their initial position was in error and that Gibson's claims were exhausted and are properly before this Court. Respondents now respond to the merits of Gibson's claims.

## II.     DISCUSSION

### A.  Applicable legal standards

Before seeking federal habeas relief, a state prisoner must exhaust remedies available under state law. 28 U.S.C. § 2254(b)(1)(A). "[G]rounded in principles of comity," this prerequisite ensures that the State has the first opportunity to correct any asserted violations of its prisoners' federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must "fairly present" a federal claim's factual and legal basis to all available levels of the state's established

appellate review process. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a claim has been properly exhausted, a state court's decision on the merits of that claim forecloses federal habeas relief unless the court's decision was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). This standard is a "difficult [one] to meet . . . because it was meant to be." *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015). When a decision on the merits is unaccompanied by a discussion, federal courts look to any arguments or theories that "could have supported" the state court's decision and whether those theories are reasonable. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Analysis

**1. Gibson's claims were properly exhausted and denied on the merits.**

Gibson argues that the accomplice liability jury instruction issued by the trial court unconstitutionally allowed the jury to convict Gibson of first-degree murder without proving he harbored the specific intent to kill either victim. He then claims, by extension, that his trial counsel rendered ineffective assistance by failing to object to the charge. These claims were fairly presented to the state courts on both direct appeal and on post-conviction review and decided on the merits at least once.

On direct appeal, Gibson raised a due process claim focused on the trial court's accomplice liability instruction under *Commonwealth v. Huffman*, 638 A.2d 961 (Pa. 1994). *See* ECF No. 152-2 at 38. The Pennsylvania Supreme Court treated this as a layered ineffective assistance claim and then found that, because the underlying due process claim had no merit, any ineffective assistance claim based on that also had no merit. *See Commonwealth v. Gibson*, 688 A.2d 1152, 1167–68 (Pa. 1997) (*Gibson-I*). Respondents agree with Gibson that, because he presented a jury instruction claim that relied on *Huffman* to the state courts, both his federal due process claim and his layered ineffective assistance claim were fairly presented to the state courts and at least his ineffective assistance claim was denied on the merits. *See* ECF No. 152-1 at 2–3; *see also Gibson-I*, 688 A.2d at 1168; *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 284 n.14 (3d Cir. 2018) (noting that a jury instruction claim citing to *Huffman* will likely be sufficient to fairly present a federal due process claim).[1]

Then, on appeal from the denial of his initial PCRA petition, Gibson again presented a due process claim focused on the trial court's accomplice

---

[1] Respondents do not address whether the state courts denied Gibson's due process claim on the merits during direct appeal as Gibson concedes the claim was decided on the merits during PCRA appeal. ECF No. 144-1 at 13–14.

liability instruction, as well as an ineffective assistance claim for failing to object to said instruction. The Commonwealth argued in response to the PCRA appeal that these claims were waived for failing to include them in Gibson's PCRA petition. The Pennsylvania Supreme Court did not find the claims waived—indeed it did not address the claims at all, treating Gibson's accomplice-liability argument as part of a separate claim challenging a different jury instruction. *See Commonwealth v. Gibson*, 951 A.2d 1110, 1141–42 (Pa. 2008) (*Gibson-II*).

Respondents initially here argued that the Pennsylvania Supreme Court's failure to address the claims at all rendered them defaulted. *See* ECF No. 146. Upon further review, and in light of Gibson's replies, Respondents now agree that Gibson's claims challenging the trial court's accomplice liability instruction and his attorney's performance in relation to it were fairly presented and denied on the merits on PCRA appeal because the court did not find the claims waived and expressly addressed a related jury instruction claim on the merits. *See Gibson-II*, 951 A.2d at 1141–42; *Cone v. Bell*, 556 U.S. 449, 468–69 (2009) (declining to find federal claim waived in absence of explicit finding of waiver by state court); *Johnson v. Williams*, 568 U.S. 289, 298–301 (2013) (a rebuttable presumption that a claim was adjudicated on the merits arises when state courts expressly address some,

but not all, related claims together); ECF No. 144-1 at 12–14 (conceding claims were denied on the merits).

## 2. The state courts' rejection of Gibson's ground five was neither contrary to, nor an unreasonable application of, any clearly established federal law.

Because ground five of Gibson's habeas petition was denied on the merits in state court, 28 U.S.C. § 2254(d) forecloses federal habeas relief unless Gibson can show that the state court's decision was either contrary to or an unreasonable application of clearly established Supreme Court precedent. To that end, either on direct appeal or PCRA appeal, the state court issued a merits adjudication without a specific discussion of the federal claim, so it is Gibson's burden to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The relevant inquiry, then, is what arguments or theories "could have supported" the state court's decision and whether it is possible that "fairminded jurists could disagree that those arguments" are unreasonable. *Id*. at 102. Gibson has not carried his burden.

It is well-established that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). This

principle "prohibits the state from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden" to prove every element of a crime beyond a reasonable doubt. *Francis v. Franklin*, 471 U.S. 307, 313 (1985). If a challenged instruction contains "some ambiguity, inconsistency, or deficiency, such that it creates a reasonable likelihood the jury misapplied the law and relieved the government of its burden of proving each element beyond a reasonable doubt, the resulting criminal conviction violates the defendant's Constitutional right to due process." *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 392 (3d Cir. 2020) (citations omitted). Thus, to succeed on a due process claim challenging a jury instruction, a habeas petitioner must prove both that (1) the challenged instruction contained some "ambiguity, inconsistency, or deficiency," and (2) that there was a "reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden or proving every element of the crime beyond a reasonable doubt." *Williams v. Beard*, 637 F.3d 195, 223 (3d Cir. 2011).

Relevant here, Pennsylvania law requires a defendant have the specific intent to kill to be found guilty of first-degree murder. 18 Pa. C.S. § 2502(a). To be guilty of a crime as an accomplice, a defendant must generally act with the same intention as the principal. 18 Pa. C.S. § 306(d). Read together,

7

Pennsylvania law requires an accomplice to first-degree murder have the specific intent to kill. *Commonwealth v. Speight*, 854 A.2d 450, 460 (Pa. 2004). Thus, as an element of the crime, the prosecution must prove beyond a reasonable doubt that a defendant had the specific intent to kill when charged with first-degree murder as an accomplice. *See Tyson*, 976 F.3d at 386.

Here, Gibson argues that the trial court's instruction on accomplice liability was deficient in that it allowed the jury to convict Gibson of first-degree murder if it found that Gibson was an accomplice or co-conspirator to someone who had the intent to kill, regardless of Gibson's own intent. ECF No. 144-1 at 8. Gibson then argues that it is reasonably likely the jury relied on this deficient instruction, relieving the prosecution of its burden to prove Gibson himself harbored the specific intent to kill. *Id*. at 8–10. For support, Gibson principally relies on *Laird v Horn*, 414 F.3d 419 (3d Cir. 2005), *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268 (3d Cir. 2018), and *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382 (3d Cir. 2020), where similar accomplice-liability instructions were held infirm and led to habeas relief. *See* ECF No. 144-1 at 7–11.

Here, the challenged jury instruction reads, in relevant part, as follows:

> You may find the defendant guilty of a crime without finding that he personally engaged in conduct required for the

8

>commission of that crime or even that he was personally present when the crime was committed. A defendant is guilty of a crime if he is an accomplice of another person who commits the crime. A defendant does not become an accomplice merely by being present at the scene or knowing about the crime. He is an accomplice if with the intent of promoting or facilitating the commission of the crime, he solicits, commands, encourages, requests the other person to commit it, or he aids, agrees to aid or attempts to aid the other person in planning or committing it. . . .
>
>You may find the defendant guilty of a crime on the theory he was an accomplice, as long as you are satisfied beyond a reasonable doubt that the crime was committed and that the defendant was an accomplice of the person who committed it. It does not matter whether the person you believe committed the crime has not been prosecuted or convicted.

N.T., 10/8/1991 at 172–73.

The prosecution's theory of the case at trial was that Gibson was the principal and that he intentionally fired the shots that killed Officer Dukes and Ms. Nixon after attempting to rob the bar's bouncer of drugs.[2] The defense theory, by contrast, was that, though Gibson was present and armed, there was no evidence at all of a robbery and that Tancemore fired the fatal shots without any knowledge or participation from Gibson. Under these facts, Respondents believe that *Williams v. Beard*, 637 F.3d 195 (3d Cir.

---

[2] Gibson was tried alone. Of the other two men involved, Gregory Tancemore and David Green, Tancemore killed himself to evade capture by the police and Green gave a statement inculpating Gibson and Tancemore and was never charged.

2011), controls and that *Laird*, *Bennett*, and *Tyson*, are distinguishable, though the instruction here contains similar ambiguity to the instructions from those cases.

In *Williams*, on *de novo* review, the court held that because the prosecution's argument at trial was that Williams was the principal, and because the defense's argument was that he wasn't there at all, any ambiguity in the accomplice liability charge was harmless. According to the arguments presented at trial, "neither party argued that Williams was an accomplice to robbery or murder." *Id*. at 222. Because no party argued an accomplice theory to the jury, even assuming the charge was ambiguous, "there [was] no reasonable likelihood that the jury applied the instruction in a manner that relieved the Commonwealth of its burden of proof with respect to first degree murder." *Id*. at 223. So too here.

As noted above, the prosecution's theory at trial was that Gibson was the principal in both the robbery and the murder, and Gibson's theory was that he had nothing to do with the murder and that no robbery took place at all. *See* N.T., 10/8/1991 at 118 ("I have argued there is no evidence here of a robbery, none."); *see also* N.T., 10/3/1991 at 35 ("this defendant in fact shot nobody, nobody"). Then, similarly to *Williams*, the prosecutor argued that Gibson "had the intent to take a human life in his heart" when he "fired

those shots" and he was therefore guilty of first-degree murder. N.T., 10/8/1991 at 131; *see also id*. at 152 ("What he did was take two human lives"); 154 (victims are "gone all too soon because of the murderous acts of [Gibson]"). So, though here it was conceded that Gibson was present and armed, "neither party argued that [Gibson] was an accomplice to robbery or murder." *Williams*, 637 F.3d at 222. Also, as in *Williams*, the court here "mentioned the concept of accomplice liability sparsely" and its first-degree murder charge "did not mention the concept of accomplice liability at all." *Id*. at 223; *see* N.T., 10/8/1991 at 158–60 (first-degree murder charge).

Thus, as in *Williams*, though the instruction given here contained ambiguity similar to the instructions in *Laird*, *Tyson*, and *Bennett*, all cited by Gibson, there is a "profound difference" between the "evidence, argument, and charges" in those cases and Gibson's case. For instance, in *Laird*, the defendant was tried for murder and kidnapping with a co-defendant and each admitted to participating in a kidnapping, making it "incumbent upon the trial court to ensure that the jury understood that an accomplice for one purpose is not an accomplice for all purposes." *Williams*, 637 F.3d at 224–25. In *Bennett* and *Tyson*, the prosecution's theory of the case was that the defendants were not the principals at all, but getaway drivers, making the accomplice liability instruction paramount. *See Tyson*, 976 F.3d

11

at 385–86; *Bennett*, 886 F.3d at 273. Here, by contrast to all three cases, the prosecution's theory was that Gibson was the principal of the robbery and the murders, and Gibson, short of admitting participation in a robbery in his arguments to the jury, attempted to "exculpate him[self] completely." *Williams*, 637 F.3d at 225.

Given the Third Circuit's holding and reasoning on *de novo* review in *Williams*, and the differences between Gibson's case and those he relies on, it was not unreasonable for the state courts to deny this claim on the merits. Indeed, because there can be no fairminded disagreement that the arguments that supported, or could have supported, the state court's decision are not inconsistent with any clearly established Supreme Court precedent, habeas relief here is foreclosed. *See Richter*, 562 U.S. at 102.[3]

---

[3] Because the state court reasonably rejected Gibson's jury instruction claim as meritless, it follows that the state court's rejection of Gibson's layered ineffective assistance claim was similarly reasonable as counsel cannot be found ineffective for failing to raise meritless objections. *See Williams*, 637 F.3d at 225 n.23; *see also Premo v. Moore*, 562 U.S. 115, 128 (2011) (counsel is not ineffective for failing to pursue "fruitless" arguments).

### III.  CONCLUSION

Gibson's due process and ineffective-assistance-of-counsel claims were reasonably rejected by the state court as meritless and, as a result, Gibson's motion for summary judgment should be denied.

Respectfully submitted,

 /s/ *David Napiorski*
David J. Napiorski, Esquire
Assistant District Attorney
Federal Litigation Unit

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2023, the foregoing Response was served on all counsel of record *via* the Court's electronic filing system.

                                                */s/ David Napiorski*
                                                David J. Napiorski, Esquire
                                                Assistant District Attorney
                                                Federal Litigation Unit